UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWARD JOHN LOREN,

        Plaintiff,

v.

SUZANNE GROFF et al.,

        Defendants.

_____/

Case No. 1:24-cv-592

Honorable Ray Kent

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. The Court previously reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. (ECF No. 6.)

On July 10, 2024, Defendant Michael Travis filed a "motion to lift stay and be excluded from early mediation program and statement in support." (ECF No. 9.) Defendant Travis requests exclusion from early mediation because he believes that Plaintiff's "instant Complaint lack[s] merit and fails to state any claim upon which relief may be granted." (*Id.*, PageID.47.) Defendant Travis also contends that Plaintiff may not have exhausted his administrative grievances prior to filing his complaint. (*Id.*, PageID.47–48.) Because participation in the early mediation program is entirely voluntary, the Court will grant Defendant Travis's motion. Accordingly,

**IT IS ORDERED** that Defendant Travis's motion (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is excluded from early mediation, and the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that, because the Court granted Plaintiff leave to proceed *in forma pauperis* in ITS June 17, 2024, order (ECF No. 5), Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2).[1] If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

---

[1] The Court recognizes that counsel for Defendant Travis filed a document stating that Defendant Travis would accept and waive service even though "proper service of process has not yet occurred nor even been attempted." (ECF No. 8, PageID.43.) This Court does not direct service of process until after one of two events—either early mediation is conducted and the case does not settle, or the case is excluded from early mediation. Although Defendant Travis indicates that he will accept and waive service, out of an abundance of caution, the Court will direct that the U.S. Marshals Service mail a request for waiver of service to all Defendants.

3

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:  July 15, 2024                                  /s/ Ray Kent
                                                                     Ray Kent
                                                                     United States Magistrate Judge